UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALIOU SEYDOU SOW,

      Petitioner,

         v.                            CAUSE NO. 3:26-CV-475-CCB-SJF

WARDEN,

      Respondent.

## **<u>OPINION AND ORDER</u>**

Immigration detainee Aliou Seydou Sow, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition. ECF 7. Though Sow has not filed a reply, the time to do so has expired, and Sow has not sought an extension. ECF 3. The petition is ready to be decided.

## <u>BACKGROUND</u>

Sow is a citizen of Mauritania who entered the United States in 2001. ECF 7-1 at 3-5. On May 12, 2004, an immigration judge ordered him removed to Senegal or, alternatively, to Mauritania. *Id.* On November 30, 2004, the Board of Immigration Appeals dismissed his appeal. *Id.* On June 28, 2017, Sow was convicted of attempted assault. *Id.* On September 27, 2021, Immigration and Customs Enforcement (ICE) detained him but released him on January 4, 2022. ECF 1 at 6. On November 27, 2024, he

was convicted of assault. ECF 7-1 at 3-5. On December 4, 2025, Immigration and Customs Enforcement (ICE) detained him, and he is currently held at the Miami Correctional Facility. *Id.*

The respondent submitted an affidavit, dated April 28, 2026, in which an ICE officer attests that the government intends to remove Sow to Mauritania and is facilitating the completion of a request for travel documents. ECF 7-2. An interview with the Mauritanian consulate was set for May 7, 2026. *Id.*

### SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Sow's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

### MERITS

Regarding the merits of the petition, the respondent first argues that Sow's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

2

for Sow ended more than two decades ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Because Sow has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable. The respondent identifies Mauritania as the only country under consideration for removal, and the record contains no suggestion that Mauritania would not accept Sow for removal. Though Sow represents

3

that he has been held in immigration detention on two prior occasions, he does not describe any prior unsuccessful attempts to remove him to Mauritania. Nor does he provide any other suggestion that Mauritania will refuse to issue him travel documents.

To Sow's point, it is concerning that the government was merely working to prepare and had not yet submitted a travel document application on April 28, 2026, by which time Sow had spent five months in re-detention. However, the interview with the Mauritanian consulate set for May 7, 2026, persuades the court that the government is now actively working toward Sow's removal to Mauritania. Unreasonable administrative delay by the government can be a basis for finding that removal is not reasonably foreseeable, but the period of administrative delay appears to have subsided here. Therefore, the court cannot grant Sow habeas relief on the basis that his removal to Mauritania is not reasonably foreseeable.

Next, Sow argues that he is entitled to habeas relief because he did not receive a 90-day custody review. "[F]ederal agencies are required to follow their own regulations." *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021) (citing *Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)); *see also Samirah v. Holder*, 627 F.3d 652, 664 (7th Cir. 2010) ("[R]ules promulgated by a federal agency, which regulate the rights and interests of others, are controlling upon the agency."). The federal regulations require that the government provide individuals who are subject to a final removal order and who have been re-detained a custody review that "will ordinarily be expected to [commence] within approximately three months after release is revoked." 8 C.F.R. §

4

241.4(l)(3). Sow's immediate term of detention now spans six months, so the government should have, at minimum, initiated the custody review process by now.

Nevertheless, the failure to provide a custody review appears to be harmless error. For Sow, the purpose of the custody review process would be to demonstrate no significant likelihood of removal within the reasonably foreseeable future. *See* 8 C.F.R. § 341.13(i)(2) ("The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."). The government has now provided its assessment of Sow's removal status through the Warden's filings, and Sow has provided no evidence suggesting that his removal to Mauritania will not occur within the reasonably foreseeable future. Consequently, it is unclear what purpose initiating the custody review process would now serve, so the failure to provide a custody review is harmless error. Therefore, this claim is not a basis for habeas relief. No other claims remain, so the court will deny the habeas petition.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Sow may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on June 4, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

6